**Scott A. METCALF, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.**

No. C3–85–1226.

Court of Appeals of Minnesota.

Feb. 4, 1986.

Stephen D. Gabrielson, Fairmont, for appellant.

Gary G. Wollschlager, Elton A. Kuderer, Fairmont, for respondent.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Scott A. Metcalf appeals the trial court's grant of respondent American Family Mutual Insurance Company's summary judgment motion, entered May 31, 1985, dismissing his cause of action with prejudice. We affirm.

## FACTS

This is a case involving interpretation of language in a health insurance policy. Appellant suffers from a kidney ailment, known as End Stage Renal Disease (ESRD). He suffered kidney failure in 1983. Between June 6, 1983, and June 9, 1983, his physician did a kidney transplant workup. Appellant began dialysis and underwent a spleenectomy in July, 1983. He underwent dialysis again on September 6, 1983. He had a kidney transplant September 8, 1983.

Appellant was covered by two health insurance policies and by Medicare. The first policy was a family health care policy purchased by appellant through respondent American Family. The second policy was a group health policy through his employer, Motorola. Medicare also covers ESRD under 42 U.S.C. § 426.1(b)(1).

According to appellant, the Motorola policy paid $38,153.38 plus the donor's expenses. Respondent claims Motorola paid

$48,251.04. Appellant claims American Family paid $1,807.00. Respondent claims American Family paid $5,037.81 in "eligible medical expenses." The dispute over the amount paid is not at issue on appeal. The sole issue determined by the trial court and considered by this court is American Family's liability for the total amount, exclusive of the amount paid by Medicare. The parties agree that Medicare paid $581.60.

The trial court found that the Motorola policy provided primary coverage. It found that an exclusion in the American Family policy relieved American Family of its duty of payment for those medical expenses covered by Medicare.

The trial court found that even though Motorola, and not Medicare, paid the largest portion of appellant's medical bills, those expenses were "covered" by Medicare, and that under Exclusion B.9 of its policy, American Family had no liability for any expenses covered by Medicare.

### ISSUE

Did the trial court err in granting respondent's summary judgment motion and dismissing appellant's cause of action based on the exclusionary language of Clause B.9 of American Family's policy?

### ANALYSIS

A. *Standard of Review*

Summary judgment may properly be granted where there exists "no genuine issue as to any material fact." Minn.R. Civ.P. 56.03. The nonmoving party has the benefit of that view of the evidence most favorable to him and is entitled to have all inferences resolved in his favor. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981).

On appeal from a grant of summary judgment, this court must determine whether there are genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

Here the parties agree on the facts. The only issue is the legal interpretation of the exclusionary clause in respondent's policy.

B. *Construction of the Policies' Language*

Insurance policies are interpreted according to their plain meaning. The standard for interpretation is what a reasonable person would understand the terms to mean. *Eisenschenk v. Miller's Mutual Insurance of Illinois*, 353 N.W.2d 662, 664 (Minn.Ct. App.1984), *pet. for rev. denied* (Minn. Jan. 1, 1985) (quoting *Canadian Universal Insurance Co. Ltd. v. Fire Watch, Inc.*, 258 N.W.2d 570, 572 (Minn.1977). "The policy should be construed as a whole with all doubts concerning the meaning of language employed to be resolved in favor of the insured." *Canadian Universal*, 258 N.W.2d at 572.

The parties do not dispute that, under the language in the Medicare policy, the Motorola policy is primary. The Medicare policy states:

> Medicare benefits are secondary to benefits payable under employer group health plans for individuals who are entitled to benefits solely on the basis of end stage renal disease * * * during a period of up to 12 months * * * and for employed individuals age 65–69 and their spouses age 65–69.

Medicare policy § 00620.177(B).

Exclusion B.9 of American Family's policy states:

> Charges shall not be covered under this policy for:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> 9. The costs of care, services or supplies to the extent that any such charge is *covered* under any national, state or other government plan which is not limited to civilian governmental employees or their families.

Appellant claims that the plain meaning of this clause, given a reasonable interpretation of the word "covered," requires American Family to pay those costs not actually *paid* by Medicare. Since Medicare

has paid only $581.60 of appellant's $38,000 to $48,000 bill, this would mean American Family would be liable for the total amount less the $581.60 paid by Medicare. Appellant conceded this would give him a double recovery, since the Motorola policy has already paid his medical bills. He argues that he is entitled to the payment because he paid a premium for the coverage and because the American Family policy lacks a coordination of benefits clause.

Respondent concedes that, were it not for the Medicare coverage, American Family would be required to pay appellant's medical bills under the terms of the policy. However, respondent argues the existence of Medicare coverage was figured into the premium structure, and without Exclusion B.9, premiums would be higher. Moreover, respondent argues, appellant did not intend to purchase duplicate coverage when he purchased the American Family policy.

Coordination of benefits clauses are optional in health insurance policies, not required. Minn.Stat. § 62A.04, subd. 3(5) (1984). The absence of a coordination of benefits clause is not crucial to our determination of American Family's obligations under its contract. We find the language in American Family's Exclusion B.9 is controlling.

The trial court interpreted the word "covered" in Exclusion B.9 as meaning the types of services rendered, not the expenses actually paid. We agree that the plain meaning of the word "covered" in Exclusion B.9 pertains to the "sum of risks covered," and not "services paid for." The American Family policy does not define "covered." In reaching this decision, we rely on the plain meaning of the policy.

We find persuasive the language of an Eighth Circuit case defining "coverage:"

The word has had a general usage in insurance, though it seems not to have been the subject of definition to any great extent. Webster's New International Dictionary defines it, when pertaining to insurance, as "the aggregate of risks covered by the terms of a contract of insurance." Funk and Wagnall's New Standard Dictionary defines it as "the sum of risks which an insurance policy covers." The New Century Dictionary defines it as "that which is so covered." * * * The ordinary person reading this language * * * would understand it to indicate the type of insurance protection afforded.

*Carpenter v. Continental Casualty Co.*, 95 F.2d 634, 638 (8th Cir.1938). Recently the Wisconsin Supreme Court reached the same decision: "Coverage * * * as that word is generally used refers to the sum of risks which an insurance policy covers." *D'Angelo v. Cornell Paperboard Products Co.*, 59 Wis.2d 46, 51, 207 N.W.2d 846, 848 (1973).

With "coverage" construed in this way, a reasonable interpretation of Exclusion B.9 is that charges shall not be among the risks covered under this policy to the extent that such charge is among the risks covered under any national, state or other government plan. In other words, applying this construction to the facts in this case, where the policyholder's charges are for items among the sum of risks covered by the Medicare plan, they are not among the sum of risks covered by American Family's policy. Since Medicare includes all treatment of ESRD in the sum of risks it covers, Exclusion B.9 operates to deny coverage of ESRD regardless of whether Medicare actually pays the charges. These circumstances which lead to Medicare's fortuitous luck in not having to actually pay for a covered risk is a form of enrichment to Medicare, but that does not contain either unjust enrichment to them or unfair detriment to appellant. To allow appellant to collect duplicate benefits by claiming under both the Motorola and American Family policies would lead to unjust enrichment of appellant. Medicare obtained the protection for which their insurance contract was specifically drawn and appellant has been made whole by a combination of the various policies covering him. This decision still provides appellant full coverage but denies double recovery. Thus the trial

court properly granted respondent's summary judgment motion.

### DECISION

The trial court did not err in granting respondent's summary judgment motion.

Affirmed.