940 F.2d 388
 14 Employee Benefits Ca 1288
 Lonnie D. FOSSO, individually and Brandon Fosso, a minor
child by his father and natural guardian, Lonnie
D. Fosso, Plaintiffs-Appellees,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
 No. 90-5517.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 11, 1991.
Decided Aug. 7, 1991.
 
 Andrew Shern, St. Paul, Minn., argued, for defendant-appellant; Lauri Meyer, on brief.
 William Thompson, Willmar, Minn., for plaintiffs-appellees.
 Before LAY, Chief Judge, RONEY*, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 RONEY, Senior Circuit Judge:
 
 
 1
 This case concerns the "Other Insurance" clause in a medical insurance policy which restricts benefits when there is duplicate insurance unless the insured gives the insurer notice of the other applicable insurance prior to the occurrence of a covered event. The district court's grant of summary judgment for the insured turned on its decision that a second duplicate policy, although applied retroactively, did not come into existence until after the occurrence of a covered event, so that the failure of the insured to give notice did not prevent the insured from receiving benefits from both policies. We affirm.
 
 
 2
 The facts are somewhat unique. Defendant State Farm Insurance issued a comprehensive medical insurance policy to plaintiffs Mr. and Mrs. Lonnie D. Fosso on February 17, 1987. Mr. Fosso amended the policy to include his then unborn son, Brandon Fosso, so that the child would be covered at birth. Subsequently, Mrs. Fosso requested that she be deleted from the State Farm policy because she was also covered by a group insurance plan issued by Mutual Benefit Life Insurance Company and sponsored by her employer. This policy allowed employees to add children to their coverage, through reapplication and payment of an additional premium, up to 30 days after the child's birth. Two weeks prior to her child's birth, Mrs. Fosso terminated her employment but requested and received continued benefits for herself under the group plan.
 
 
 3
 After Brandon Fosso was born with a serious congenital birth defect on March 16, 1988 and within the thirty-day period provided in her policy, Mrs. Fosso submitted an application and an additional premium to Mutual Benefit Life requesting dependent coverage for her newborn. Mutual later approved her application and Mrs. Fosso received a certificate of dependent coverage for Brandon three weeks after the child's birth. The policy listed the date of coverage as retroactive to the date of Brandon's birth. The issue is whether Mrs. Fosso's failure to notify State Farm of the Mutual Benefit coverage permits State Farm to decline the payment of benefits that would otherwise be due under the policy.
 
 
 4
 Although State Farm devotes a good portion of its brief to the public policy concerning duplicate insurance coverage, the case is controlled by State Farm's agreement in its policy. Where an insured is covered by more than one policy, "the rights and liabilities of the different insurers involved depend, at least in part, upon the specific language of the policies." 8A Appleman, Insurance Law and Practice at 364-65. The allocation of "liabilities between insurers is determined by contract, and where such contractual provisions are not inconsistent with public policy, they will be enforced." Id. at 367; see also Northeast Department ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund, 764 F.2d 147, 159 (3d Cir.1985).
 
 
 5
 Minnesota law and public policy have never required the coordination or reduction of health benefits in all cases. See e.g., Metcalf v. American Family Mutual Ins. Co., 381 N.W.2d 37, 39 (Minn.App.1986); see also Minn.Stat. Sec. 62A.046(6) (enacted 1990), which states that "insurers ... may coordinate benefits to prohibit greater than 100 percent coverage when an insured ... is covered by both an individual and a group contract providing coverage for hospital and medical treatment or expenses." (emphasis added). See also Minn.Stat. Sec. 62A.04 subd. 3(4) (enacted 1990), which makes the use of reduction of benefits clauses in insurance contracts optional. Thus, the inclusion of insurance devices such as reduction of benefits clauses, coordination of benefits clauses, and overlapping coverage, is a choice made by the individual insured and his insurer when the policy is created.
 
 
 6
 The State Farm policy provision at issue reads as follows:
 
 
 7
 OTHER INSURANCE. You may have other valid coverage which applies to a loss covered by this policy. Other valid coverage may reduce the benefits payable under this policy.
 
 
 8
 The benefits payable under this policy will not be reduced by other valid coverage if you have notified us in writing that you do have other valid coverage. You must notify us before a loss begins.
 
 
 9
 The district court held that the Fossos could not comply with the notice requirement of the above provision because prior to the time of the "loss," Brandon's birth, there was no other valid coverage in fact or law for which they were required to give State Farm notice. Brandon was born March 16. It was not until April 8 that the Fossos first knew that Mutual Benefit had extended dependent coverage for Brandon. The Minnesota Supreme Court has held that an individual is not required to give notice of "other insurance" until he has knowledge that the additional insurance has been obtained. Aaberg v. Minnesota Commercial Men's Ass'n., 161 Minn. 384, 389, 201 N.W. 626, 628 (Minn.1925).
 
 
 10
 State Farm asserts that Minn.Stat. Sec. 62A.042 subd. 2 imposes the extension of mandatory coverage for newborns, effective on their date of birth, on all employee group health plans. Thus, State Farm argues, when Mrs. Fosso elected to continue her group coverage her then unborn child was automatically covered, effective on the date of his birth, and Mrs. Fosso was required to notify State Farm of the additional coverage at the time of her election to continue the group coverage. The district court correctly held, however, that Minn.Stat. Sec. 62A.042 subd. 2 requires mandatory coverage only where the employee's group plan covers "family members or other dependents of an employee," in addition to the insured employee. Since Mrs. Fosso was the only person covered by her initial individual employee insurance plan, it was not until she applied and paid a premium for the additional dependent insurance that coverage for Brandon Fosso came into existence. Therefore, Minn.Stat. Sec. 62A.042 subd. 2 does not apply.
 
 
 11
 Since it is clear that the State Farm policy did not provide for reduction or coordination of benefits absent a failure to notify the insurer of the existence of other valid coverage in effect prior to the occurrence of the "loss," and because the Mutual Benefit coverage was not in place until Mrs. Fosso exercised the option to secure additional insurance after Brandon's birth, State Farm's "Other Insurance" provision is by its terms inapplicable to the Fosso's Mutual Benefit policy. The decision of Mutual Benefit to apply its policy retroactively does not work to the benefit of State Farm, which was the only medical insurer of Brandon at the time of his birth.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable PAUL H. RONEY, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation